```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------x
MICHAEL BROWN,

                        Plaintiff,

        -against-

THE CITY OF NEW YORK, JOSEPH
VENEZIANO and RAYMOND SPINELLA,
*in their individual and official capacities*,

                        Defendants.
------------------------------------------------x
```

**MEMORANDUM AND ORDER**

Case No. 1: 18-cv-570 (FB)(PK)

*Appearances:*　　　　　　　　　　　　　　*For the Defendant*:
*For the Plaintiff*:　　　　　　　　　　　　CORPORATION COUNSEL
FAMIGHETTI & WEINICK, PLLC　　　　OF THE CITY OF NEW YORK
PETER J. FAMIGHETTI　　　　　　　　　ZACHARY W. CARTER
25 Melville Park Road, Suite 235　　　　100 Church Street, Room 2-107
Melville, New York 11746　　　　　　　New York, New York 10007

**BLOCK, Senior District Judge:**

Plaintiff Michael Brown brings this action against the City of New York, Joseph Veneziano, and Raymond Spinella, for first amendment violations, *Monell* violations, New York constitution violations, and negligent retention. The defendants move to dismiss under Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6). For the following reasons, the defendants' motion is granted.

**I.**

For purposes of this motion, the Court must take as true all the allegations of the complaint and must draw all inferences in plaintiff's favor. *See Weixel v. Board*

1

of *Educ.*, 287 F.3d 138, 145 (2d Cir. 2002). To survive a motion to dismiss, a complaint "does not need detailed factual allegations," but "a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id*. at 555.

## II. First Amendment

The plaintiff is a NYPD police officer employed as a lieutenant. He argues that the defendants took numerous retaliatory actions against him after he complained to the Internal Affair Bureau ("IAB") about Veneziano, his supervisor, falsifying crime records. The defendants argue that almost all alleged adverse actions are time-barred, and the plaintiff cannot establish a causal connection between the protected speech and any timely adverse actions.

### A. Statute of Limitations

The parties do not dispute that the statute of limitations here is three years. *See Thomas v. N.Y. City Dep't of Educ.,* 938 F.Supp.2d 334, 350 (E.D.N.Y. 2013). The plaintiff argues that the continuing violation doctrine extends the limitations period. However, "[t]he 'continuing violation' doctrine applies only to harassment claims. It is inapplicable to discrimination and retaliation claims." *Harris v. Bd. Of Educ.*, 230 F.Supp.3d 88, 98 (E.D.N.Y. 2017); *See also Nat'l R.R. Passenger Corp. v. Morgan,* 536 U.S. 101, 114 (2002) (continuing violation doctrine does not apply to

"[d]iscrete acts such as termination, failure to promote, denial of transfer, or refusal to hire [which] are easy to identify."). The complaint was filed on January 26, 2018; therefore, any discrete actions before January 26, 2015 are time-barred.

**B. Timely Alleged Adverse Actions**

The plaintiff alleges that, after January 26, 2015, he was denied promotions to become captain, a step above lieutenant.[1] He alleges that these denials were a result of Veneziano's retaliation for his February and April 2013 complaints to IAB.

"To state a First Amendment retaliation claim sufficient to withstand a motion to dismiss, a plaintiff must allege (1) that the speech or conduct at issue was protected, (2) that the defendant took adverse action against the plaintiff, and (3) that there was a causal connection between the protected speech and the adverse action." *Dolan v. Connolly*, 794 F.3d. 290, 294 (2d Cir. 2015) (internal quotations omitted). The defendants do not disagree, for the purposes of this motion, that Brown's speech was protected and that he suffered an adverse employment action. Therefore, the only issue here is whether there was a causal connection.

"Causation can be established either indirectly by means of circumstantial evidence, for example, by showing that the protected activity was followed by

---

[1] Brown alleges he was denied promotions in November 2015, February 2016, August 2016, and February 2017.

adverse treatment in employment, or directly by evidence of retaliatory animus." *Mandell v. County of Suffolk*, 316 F.3d 368, 383 (2d Cir. 2003).

Brown alleges that between his complaints to IAB in 2013 and his first promotion denial in 2015 the following occurred: (1) in March 2013, Veneziano marked Brown absent when he was not; (2) in May 2013, Veneziano changed Brown's evaluation to a "below standards" rating from a "meets standards" rating; (3) in May 2013, Veneziano transferred Brown to the Bronx; and (4) in June 2013, Brown was issued a "command discipline" for being transferred from Staten Island. Brown alleges that the evaluation change led to his promotion denials.

About thirty-one months lapsed between the complaints and the first promotion denial. However, "the circumstances surrounding the claim will determine precisely what consideration is owed to the time-barred conduct." *Jute v. Hamilton Sundstrand Corp.*, 420 F.3d 166, 176 (2d Cir. 2005) (holding courts must consider time-barred acts as "background evidence" that may support a causal link).

Still, about twenty-two months passed between the last retaliatory act and the first denial of Brown's promotion. This temporal proximity is still significantly longer than courts in this circuit find sufficient for an inference of retaliation. *See Chang v. Safe Horizons*, 254 Fed.Appx. 838, 839 (2d Cir. 2007) (the adverse act occurred "one year after her complaint for discrimination, thus undermining any causal nexus based on temporal proximity"); *Burkybile v. Bd. of Educ.*, 411 F.3d

306, 314 (2d Cir. 2005) (finding no causal connection when "more than a year passed" between the protected speech and the adverse action).

Brown does not allege his promotion denials were based on his complaints to IAB or that the interviewers even knew about his complaints. He only alleges that it was uncommon to deny a promotion to someone who was highly recommended and received well-above standards ratings. He further does not allege that his denials were based upon his command disciplines or evaluations. Rather, he alleges that because he received disciplinary charges in the prior five years, his promotion would have to be approved by an additional review board. Even considering all the alleged retaliatory acts as background evidence, the Court has insufficient facts upon which to infer that Brown was denied promotions because he complained to IAB.

The defendant's motion to dismiss the first amendment claim is granted.[2]

---

[2] The Court also grants the motion to dismiss regarding the plaintiff's *Monell* claim. "The dismissal of Plaintiff's underlying claim for First Amendment retaliation requires dismissal of Plaintiff's municipal liability claim, as Defendants cannot be liable where there is no underlying constitutional violation." *Fotopolous v. Bd. Of Fire Com'rs of Hicksville Fire Dist.*, 11 F.Supp.3d 348, 373 (E.D.N.Y. 2014); *See also Johnson v. City of New York,* 551 Fed.Appx. 14, 15 (2d Cir. 2014) ("Because [plaintiff] has not alleged a valid underlying constitutional deprivation, his claim against New York City pursuant to *Monell v. Department of Social Services,* 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978), must also fail." (citation omitted)).

## III. Individual Liability Under §1983

"In order to establish individual liability under § 1983, a plaintiff must show (a) that the defendant is a 'person' acting 'under the color of state law,' and (b) that the defendant caused the plaintiff to be deprived of a federal right." *Back v. Hastings On Hudson Union Free Sch. Dist.*, 365 F.3d 107, 122 (2d Cir. 2004). "Additionally, [i]n this Circuit personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983." *Id*. (internal quotations and citations omitted).

All allegations relating to Veneziano occurred prior to January 26, 2015; therefore, individual liability as to Veneziano is dismissed as time-barred.

The plaintiff argues that allegations of Spinella's failure to "act against Veneziano to prevent the retaliation to continue against Brown," as Spinella was the Chief of Personnel, are sufficient to survive the pleading stage. However, the plaintiff does not allege any "personal involvement" by Spinella in the retaliation. *Back*, 365 F.3d at 122; *see also Falcon v. City Univ. of N.Y.*, No. 15-cv-3421 (ADS)(ARL), 2016 WL 3920223, at *12 (E.D.N.Y. July 15, 2016) (finding no individual liability where "there are no allegations in the proposed [complaint] that any of the Individual Defendants took part in the decision not to promote the Plaintiff . . . Nor are there any allegations suggesting that the Plaintiff complained to the particular Individual Defendants about their failure to promote her.").

While personal involvement may include "failure to remedy the alleged wrong after learning of it," the plaintiff does not allege the Spinella had knowledge of the complaints or the applications for promotions. *Black v. Coughlin*, 76 F.3d 72, 74 (2d Cir. 1996). Further, the plaintiff cannot rely on Spinella's high position as a basis for his individual liability. *See Id*. ("[A] defendant in a § 1983 action may not be held liable for damages for constitutional violations merely because he held a high position of authority.")

As such, the plaintiff's individual liability claims under §1983 are dismissed.

### IV. New York State Claims

In his opposition brief, the plaintiff states "if the Court determines that Brown's federal claims should be dismissed, Plaintiff does not object to the dismissal, without prejudice, of any remaining state claims, including the State free speech claim." Dkt. #28 at 22. Therefore, the Court dismisses, without prejudice, the remaining state law claims.

### V. Conclusion

For the foregoing reasons, the motion to dismiss is GRANTED.

**IT IS SO ORDERED.**

    /S/ Frederic Block
FREDERIC BLOCK
Senior United States District Judge

November 7, 2019
Brooklyn, New York